UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| CLYDE JOHNSON, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | No. 4:15CV628 NAB |
| CARNAHAN COURTHOUSE, | ) |  |
| Respondent, | ) |  |

## MEMORANDUM AND ORDER

Petitioner brings a pre-trial petition for writ of habeas corpus under 28 U.S.C. § 2241. For the following reasons Petitioner is not entitled to relief, and the petition is summarily dismissed. See 28 U.S.C. § 2254, Rules 1, 4.

When petitioner filed this action, he was a pretrial detainee in two state criminal actions: Missouri v. Johnson, No. 1422-CR02993-01, and Missouri v. Johnson, No. 1422-CR03145-01. Accessed via Missouri Case.net, https://www.courts.mo.gov/casenet/base/welcome.do. Petitioner alleged that his speedy trial rights were violated, that his public defender refused to file a motion on his behalf, and that the trial court erred when it refused his motion for a new public defender.

In Case No. 1422-CR02993-01, petitioner was found guilty by a jury on April 21, 2015, of domestic assault in the second degree. His sentencing hearing is set for June 26, 2015. In Case No. 1422-CR03145-01, trial is set for June 8, 2015.

Under 28 U.S.C. § 2241(c)(3), the federal courts have jurisdiction over pretrial habeas petitions. Neville v. Cavanagh, 611 F.2d 673, 675 (7th Cir.1979). "Despite the existence of jurisdiction, however, federal courts are reluctant to grant pre-trial habeas relief." Id. Only

when "special circumstances" exist will a federal court find that a pretrial detainee has exhausted state remedies. Id. "In most cases courts will not consider claims that can be raised at trial and in subsequent state proceeding." Blanck v. Waukesha County, 48 F. Supp. 2d 859, 860 (D. Wis. 1999).

In this case, petitioner can raise his issues either before trial or on appeal. As a result, special circumstances do not exist for finding that his claims are exhausted, and this action must be dismissed.

Finally, petitioner has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Khaimov v. Crist, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHTER ORDERED** that the petition for writ of habeas corpus is **DENIED**, and this action is **DISMISSED**.

Dated this 24th day of April, 2015.

*John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE